**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Herndon, | CV 11-1906-PHX-PGR |
| Plaintiff, | |
| v. | **ORDER** |
| Logan's Roadhouse, Inc., et al., | |
| Defendant. | |

Before the Court is Plaintiff's Motion to Compel. (Doc. 31.) Defendant Logan's Roadhouse ("Logan's") opposes the motion, which is now fully briefed. (Docs. 33, 37.) For the reasons set forth below, the Court will grant the motion.

Plaintiff Iris Herndon alleges that she suffered injuries when slipped and fell on peanut shell debris on the floor of Logan's, in Phoenix, Arizona, on January 16, 2010. She filed a complaint in the Maricopa County Superior Court. Defendants removed the case on September 27, 2011. (Doc. 1.)

**DISCUSSION**

Plaintiff seeks an order compelling Logan's to respond to her Non-Uniform Interrogatories and Requests for Production. Logan's contends that they have fully responded to Plaintiff's non-objectionable discovery requests.

**1. Interrogatories**

Logan's did not provide answers to Non-Uniform Interrogatories 6 through 15, objecting that plaintiff had exceeded the 25 interrogatory limit under Rule 33 of the Federal

1  Rules of Civil Procedure. (Doc. 31, Ex. 14.) The Court agrees with Plaintiff that Logan's
2  objection is neither timely nor well taken. Logan's was served with the Non-Uniform
3  Interrogatories on March 5, 2012. (See Doc. 18.) It did not respond until June 13, 2012.
4  (Doc. 31, Ex. 14.) Logan's response is therefore untimely, Fed. R. Civ. P. 33(b)(2), and its
5  objections waived, Fed. R. Civ. P. 33(b)(4). Moreover, the propounded interrogatories do not
6  include "discrete subparts" under Fed. R. Civ. P. 33(a)(1). Instead, the questions contained
7  contained in the Plaintiff's interrogatories "relate to a common theme" and are "logically or
8  factually subsumed within and necessarily related to the primary question." *Safeco of*
9  *America v. Rawstron*, 181 F.R.D. 441, 444–45 (C.D. Cal. 1998).

10  Logan's is therefore directed to provide full and complete responses to Plaintiff's
11  Non-Uniform Interrogatories.

12  **2.   Requests for Production**

13  Incident reports

14  Plaintiff seeks, among other information, incident reports for the prior five years
15  documenting prior slip and falls involving peanut shells at Logan's restaurants.

16  Logan's contends that information concerning prior incidents is discoverable only to
17  the extent that the incidents occurred under substantially similar circumstances; i.e., in
18  restaurants sharing the design of Logan's Roadhouse in Phoenix (the so-called RH-72
19  construction type). (Doc. 34 at 4.) Therefore, according to Logan's, "incident reports from
20  restaurants with a different construction type than the subject restaurant are irrelevant and
21  not reasonably calculated to lead to the discovery of admissible evidence." (*Id.* at 5.) The
22  Court disagrees.

23  Rule 26(b)(1)of the Federal Rules of Civil Procedure provides that "[p]arties may
24  obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or
25  defense. . . . Relevant information need not be admissible at the trial if the discovery appears
26  reasonably calculated to lead to the discovery of admissible evidence." Prior reports of
27  accidents in which a customer slipped on peanut shells in any of Logan's restaurants would

28

- 2 -

1 be relevant to the issue of its knowledge that the condition of the floors posed a danger to
2 customers. The fact that the design of Logan's restaurants varies does not mean that no
3 potentially relevant evidence might be found in incident reports from other restaurants that
4 also had peanut debris on the floor.

5 Logan's also contends that the process of investigating such incidents is unduly
6 burdensome, noting that it has been saving incident reports in its computer system only since
7 2008. Logan's does not object to producing incident reports from the RH-72 type restaurants
8 from 2008–2010, and asks the Court to deny Plaintiff's request for additional production. (*Id.*
9 at 7.)

10 Rule 26(b)(2)(iii) limits discovery where the burden or expense of the proposed
11 discovery outweighs its likely benefit. "The party claiming that a discovery request is unduly
12 burdensome must allege specific facts which indicate the nature and extent of the burden,
13 usually by affidavit or other reliable evidence." *Jackson v. Montgomery Ward & Co., Inc.*,
14 173 F.R.D. 524, 528–29 (D.Nev. 1997). Moreover, "just because complying with a discovery
15 request will involve expense or may be time consuming, does not make it unduly
16 burdensome." *Id.* at 529.

17 Logan's has not persuasively supported its allegation that Plaintiff's request for
18 incident reports is unduly burdensome, particularly given the willingness of Plaintiff's
19 counsel to review the reports himself and spare Logan's the burden. (*See* Doc. 31 at 9.) In
20 addition, Logan's burden will be reduced because reports from 2008 forward are accessible
21 electronically. The Court will therefore direct Logan's to disclose any incident reports or
22 other records regarding slip and falls on peanuts, peanut shells, and/or peanut debris
23 occurring at any of its restaurants from 2005 until January 16, 2010.

24 <u>Confidential materials</u>

25 Logan's contends that some of Plaintiff's Request for Production calls for information
26 that is proprietary and confidential, including Logan's training manuals and the restaurant's
27 floor plan. (Doc. 34 at 8–9.) Logan's requests that the Court enter a protective order with
28

- 3 -

1 respect to this material. (*Id.* at 9.)

2 Plaintiff disputes that the materials are confidential and argues that Logan's has failed to identify any identifiable harm that would result from disclosure. (Doc. 37 at 5–6.) Plaintiff suggests, in the event that the parties cannot agree on confidentiality terms, that the documents be submitted to the Court for in camera review. (*Id.* at 5, n.2.) The Court finds that Plaintiff's proposal is reasonable.

Accordingly,

IT IS HEREBY ORDERED Plaintiff's Motion to Compel Discovery (Doc. 31) is granted as follows. No later than August 10, 2012,

1. Logan's shall provide responses to Plaintiff's Non-Uniform Interrogatories.
2. Logan's shall produce any incident reports or other records regarding slip and falls on peanuts, peanut shells, and/or peanut debris occurring at any of its restaurants from 2005 until January 16, 2010.
3. The parties shall either agree to confidentiality terms with respect to Logan's training manuals and floor plans or shall submit the documents to the Court for in camera review.

DATED this 25th day of July, 2012.

Paul G. Rosenblatt
United States District Judge

- 4 -